IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLAVIN JONES                    §
(TDCJ No. 1434379),             §
                                §
            Petitioner,         §
                                §
V.                              §          No. 3:19-cv-1307-L-BN
                                §
LORIE DAVIS, Director           §
Texas Department of Criminal Justice §
Correctional Institutions Division, §
                                §
            Respondent.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Clavin Jones, a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, asserting that he was denied due process because an eyewitness committed perjury at his trial. *See* Dkt. No. 3. His habeas action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

Upon the Court's initial review of the habeas petition, the Court issued a questionnaire to Jones to allow him to file a verified response as to the timeliness of this action. *See* Dkt. No. 6. Jones responded. *See* Dkt. No. 7. And the Court determined that the State should respond to the petition. *See* Dkt. No. 8.

The State responded, asserting (1) that this action is time-barred – because Jones has not carried his burden to show that the factual predicate provision of the

statute of limitations, 28 U.S.C. § 2244(d)(1)(D), applies; because Jones's petition is 13 days late under Section 2244(d)(1)(A), once you credit him the 1,059 days that his state habeas actions were pending, *see id.* § 2244(d)(2); and because Jones is not entitled to equitable tolling – and (2) that Jones's claims fail under the applicable standard of review. *See* Dkt. Nos. 14 & 15.

Jones failed to reply to these assertions, and the deadline to do so has expired. *See* Dkt. No. 7.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, even if Jones's federal habeas petition was timely filed, the Court should deny him federal habeas relief.[1]

## Applicable Background

Jones, through this action, challenges his 2007 Dallas County convictions for

---

[1] *See, e.g., Petersimes v. Stephens*, No. 3:14-cv-3220-N, 2016 WL 1445226, at *5 (N.D. Tex. Mar. 28, 2016) (finding that "the Court should address the fairly straightforward claims that Petitioner presents on their merits rather than wade through potentially complicated limitations and tolling issues" after observing that "'[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional,' and '[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit,' *Linzy v. Faulk*, No. 14-cv-00962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)); *cf. Aron v. United States*, 291 F.3d 708, 717-18 (11th Cir. 2002) (Ed Carnes, J., concurring) ('[A] district court is not required to rule on whether an asserted statute of limitations bar applies if the § 2255 motion may be denied on other grounds. Sometimes it will be easier for a court to deny relief on the merits than to figure out the issues relating to the statute of limitations. Nothing in the statute prohibits a court from proceeding in that way[.]')."), *rec. accepted*, 2016 WL 3551725 (N.D. Tex. June 30, 2016), *C.O.A. denied*, No. 16-11166, 2017 WL 5054176 (5th Cir. July 28, 2017).

aggravated assault with a deadly weapon, which resulted in a sentence of 50 years of imprisonment. *See State v. Jones*, Nos. F05-73360-RL & F05-73361-RL (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex.).

Applicable to Jones's current claims,

> [Victim] Bridgida McGaughy's son, Rodney McGaughy, testified he went to [Tommie] Johnson's house and saw Mia [Miles, Jones's sister], with [Jones] in the front passenger seat, parked in front of the house. Rodney approached the passenger-side of the vehicle and saw appellant load a "clip" into a gun. Rodney spoke to [Jones], but [Jones] did not respond. Rodney then walked to the driver-side window to talk to Mia. While he was talking to Mia, Rodney saw Bridgida at the passenger window. Rodney saw [Jones] lean back, raise his arm, and fire the gun. Rodney testified the gun appeared to be a nine-millimeter and was black. While Mia drove away, [Jones] continued firing out the window.

*Jones v. State*, Nos. 05-07-00410-CR & 05-07-00411-CR, 2008 WL 2170809, at *1 (Tex. App. – Dallas Sept. 24, 2008, pet. ref'd).

Jones's convictions were affirmed on direct appeal. *See generally id.* And the Texas Court of Criminal Appeals (the "TCCA") refused his petitions for discretionary review in 2008. *See Jones v. State*, Nos. PD-0819-08 & -0820-08 (Tex. Crim. App.).

The response sets out an uncontroverted version of the complicated history of Jones's attempts to obtain state habeas relief, which the undersigned finds to be accurate based on his review of the record:

> On January 10, 2010, Jones signed his first and second state application for writ of habeas corpus requesting to file an out-of-time PDR, which the Dallas County District Clerk filed on January 20, 2010. However, the TCCA denied the applications without written order on the findings of the trial court on May 19, 2010. Jones signed his third and fourth state habeas applications on June 15, 2015, claiming he had newly discovered evidence, which was filed by the Dallas County District Court Clerk on June 19, 2015. Jones's attorney filed two motions to withdraw

the state habeas applications on February 17, 2016, and February 7, 2017, which caused the trial court to recommend a dismissal. The TCCA then dismissed these applications on March 8, 2017. Jones's state habeas counsel filed his fifth and sixth state habeas applications on April 28, 2017, again claiming that he had newly discovered evidence that the state presented false testimony at trial. Jones's habeas counsel again filed motions to withdraw the applications, which were initially granted. But the state habeas court then recommended the TCCA deny the motions and the applications, which the TCCA did, without written order on the findings of the trial court, on June 27, 2018.

Dkt. No. 14 at 3-4 (record citations and footnote omitted).

At issue here is the reasonableness of the TCCA's June 27, 2018 denial. *See Ex parte Jones*, WR-73,540-06 (Tex. Crim. App. June 27, 2018); Dkt. No. 15 at 110.

## Legal Standards and Analysis

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins (and often ends) with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted). And, under AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2244(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. § 2254(d)").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was *incorrect*, but whether it was *unreasonable* – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

-5-

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are

inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to

meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are

necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have

relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

Here, the state habeas court adopted the State's proposed findings of fact and conclusions of law, which were:

## MEMORANDUM

Applicant, Clavin Jones, alleges in his application that he is being unlawfully restrained for the following reason: he was denied due process because the State presented material false testimony at Jones's trial. His claim is based on an unsworn alleged recantation statement obtained from Rodney McGaughy while the Applicant and McGaughy were incarcerated in the same prison unit.

## FINDINGS OF FACT

1.  Applicant was convicted on two counts of aggravated assault with a deadly weapon by a jury who assessed his punishment at fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Applicant appealed his conviction which was affirmed by the Fifth Court of Appeals on May 27, 2008.
2.  The Court takes judicial notice of the entire contents of the Court's file in cause numbers F05-73360-L and F05-73361-L.
3.  The Court takes judicial notice of the opinion in the Applicant's direct appeal: Jones v. State, 05-07-00410-CR, 2008 WL 2170809, at *1 (Tex. App. – Dallas May 27, 2008, pet. ref'd, untimely filed) (mem. op., not designated for publication).
4.  The Court takes judicial notice of the entire contents of the Court's file in writ nos. W05-73360-L(A) and W05-73361-L(A) which were denied by the Court of Criminal Appeals on May 19, 2010 without written order.
5.  The Court takes judicial notice of the entire contents of the Court's file in writ nos. W05-73360-L(B) and W05-73361-L(B) which were withdrawn by Applicant.
6.  Because a meritorious claim of actual innocence is an exception to the subsequent writ bar under article 11.07, §4(a), this Court: finds that Applicant's third application for writ of habeas corpus is not barred.
7.  On April 30, 2018, an evidentiary hearing was held before the writ master, Anthony Lyons, on the merits of the instant application and alleged recantation statement.

-10-

8.     The Court received evidence in the form of testimony from Nigel Redmon, McGaughy's attorney and Dallas County District Attorney Investigator Hoyt Hoffman. The State also admitted the recorded interview between McGaughy and Hoffman entered as State's Exhibit A.

9.     The Court finds Nigel Redmon to be credible. Redmon testified that if called to the stand, McGaughy would testify consistent with his trial testimony and contrary to the alleged recantation.

10.    The Court finds Rodney McGaughy was an identification witness at Applicant's trial.

11.    This Court finds Hoyt Hoffman credible. Hoffman testified that he interviewed McGaughy and learned McGaughy's alleged recantation was made when McGaughy had safety concerns in his unit.

12.    The Court finds the alleged recantation was made under duress when Applicant and McGaughy were housed in the same prison.

13.    On May 1, 2018, Bruce Anton, Attorney for. Applicant, filed "Applicant's Motion to Withdraw Application for Writ of Habeas Corpus" in Writ Nos. W05-73360-L(C) and W05-73361-L(C).

## CONCLUSIONS

1.     Because this is the second actual innocence claim and the second attempt to withdraw an application for writ of habeas corpus, Applicant's motions to withdraw should be denied.

2.     Because Applicant failed to establish that his conviction was based on false testimony or that the recantation was legitimate, this Court recommends the instant Applications for Writ of Habeas Corpus should be denied.

Dkt. No. 15 at 103-06; *see also id.* at 107-08.

Given these findings, Jones has not carried his burden under the AEDPA to demonstrate that it was unreasonable for the TCCA to deny his habeas claim that an eyewitness, McGaughy, committed perjury at his trial.

### Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE