IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CLAVIN JONES**, § <br> § <br> Petitioner, § <br> v. § <br> § <br> **LORIE DAVIS,** Director, § <br> Texas Department of Criminal Justice § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | Civil Action No. **3:19-CV-1307-L-BN** |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18) was entered on February 26, 2020, recommending that the court deny Petitioner's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 3) in which he asserts that he was denied due process because an eyewitness committed perjury during his trial. The magistrate judge reasoned that the habeas petition should be denied because, given the state habeas court's adoption of the State's proposed findings of fact and conclusions of law, Petitioner has failed to carry his burden of demonstrating that it was unreasonable for the Texas Court of Criminal Appeals to deny his habeas claim.

Respondent filed objections to the Report on March 4, 2020 (Doc. 19). Respondent agrees with the Report's ultimate recommendation but asserts that objections are being made to preserve her arguments for appellate purposes. Respondent further asserts that, while the magistrate judge acknowledged her objection regarding the timeliness of the habeas petition, "the Report does not specify the Director's full time-bar argument; [and] the Report further declines to determine Jones's timeliness because the statute of limitations is not jurisdictional, thus, the petition could be denied

**Order – Page 1**

on the merits." Obj. 2. In other words, Respondent objects to the magistrate judge's determination that the habeas petition should be denied on the merits rather than the statute of limitations ground urged by her.

Having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. It is, thus, not necessary for the court to determine whether dismissal of this action is also appropriate based on Respondent's statute of limitations argument. Accordingly, the court **overrules** Respondent's objections, **denies** Petitioner's section 2254 habeas corpus petition (Doc. 3) for the reasons stated in the Report, and **dismisses with prejudice** this habeas action. In overruling Respondent's objections, the court does not comment on the merits of the statute of limitations argument; rather, this ruling pertains to Respondent's contention that the magistrate judge should have, but did not address the statute of limitations argument as an additional basis for dismissal of this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the Report.  In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 17th day of June, 2020.

Sam A. Lindsay
United States District Judge

---

appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**